# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BERNARD KAMINSKI AND TIMOTHY WILSON AS OWNERS OF A 34 FOOT SEA RAY SUNDANCER, Serial Number USSERT7740K506 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * |

Civil Action No.: **1:15-cv-03791-JKB**

******************************************

## NOTICE OF CLAIMS

COME NOW the Claimants, Justin Ervin, Individually; as Personal Representative of the Estate of Kimberly Ervin, Deceased; and as Parent and Next Friend of M.E., minor; and Robert Montgomery and Donna Montgomery, natural parents of Decedent Kimberly Ervin, by and through their attorney, Louis G. Close, III, and pursuant to Rule F(5), Supplemental Rules for Admiralty and Maritime Claims, Federal Rules of Civil Procedure, hereby file this Notice of Claims, and state as follows:

## FACTS UPON WHICH THE CLAIMANTS RELY IN SUPPORT OF THEIR CLAIMS

1. On the evening on July 25, 2015, the Claimant Justin Ervin and his wife, Claimants' Decedent Kimberly Ervin, were at a local waterfront bar/restaurant in Dundalk, known as the Hard Yacht Café, celebrating the birthday of a mutual friend with a group of others. The Plaintiff Timothy Wilson was at the same bar, consuming alcoholic beverages, alone. At approximately midnight, the Plaintiff Timothy Wilson, the co-owner of a 34 foot 2006 Sea Ray cabin cruiser, approached the group, including Claimant Justin Ervin and Claimant's Decedent Kimberly Ervin, and invited them to his boat, which was moored nearby, to continue drinking and partying.

2. A total of seven guests, including Claimant Justin Ervin and Claimant's Decedent, Kimberly Ervin, accepted Mr. Wilson's invitation and boarded his boat. After approximately thirty minutes, Plaintiff Wilson next invited the group of guests to voyage on his boat across the Patapsco River and visit another bar. The group agreed, and Wilson operated the vessel, with seven guests on board, including the Claimant Justin Ervin and Claimants' Decedent Kimberly Ervin, to a bar called "Barcocina" where the Plaintiff Timothy Wilson continued drinking.

3. At approximately 1:45 a.m., the Claimant Justin Ervin and Claimants' Decedent, Kimberly Ervin along with the other guests, boarded the Plaintiff Wilson's boat again, for the return voyage. The Plaintiff Wilson operated the vessel back toward the Hard Yacht Café in Dundalk from which they began. At one point during the voyage back to the Hard Yacht Café, Mr. Wilson, while operating/captaining the vessel, was standing facing the center aisle of the boat, while one of the female guests was situated on her knees in the aisle of the vessel, and engaged in an oral sex act with Wilson.

4. Soon thereafter the Plaintiff Wilson failed to recognize the presence of a large concrete dolphin, clearly marked with illumination; made no efforts to avoid such object; and suddenly and violently allided with the concrete dolphin, while travelling at an unreasonable speed.

5. Toxicology results establish that Plaintiff Wilson was highly intoxicated while operating the boat back to the Hard Yacht Café in Dundalk.

6. As a result of the negligent and grossly negligent conduct and incompetence of Wilson as outlined above, the Claimant Justin Ervin was injured; the Claimants' Decedent Kimberly Ervin, who was situated in the bow of the boat, was ejected from the boat, sustained significant traumatic injuries, and died.

## ITEMS OF CLAIMS

7. The Claimant Justin Ervin hereby provides notice of his intention to assert economic and non-economic claims individually for personal injuries sustained by him, as well as a wrongful death claim relating to the harm to him for the wrongful death of his wife, Kimberly Ervin, as a result of the occurrence; as Personal Representative of the Estate of his late wife, Kimberly Ervin, seeking pecuniary and nonpecuniary (i.e. economic and non-economic) damages and losses; as well as a wrongful death claim on behalf of M.E., Claimant Justin Ervin and Claimants' Decedent Kimberly Ervin's minor child, seeking economic and non-economic damages for wrongful death as well.

8. Claimants Robert Montgomery and Donna Montgomery are the natural parents of the Claimants' Decedent, Kimberly Ervin. Claimants Robert Montgomery and Donna Montgomery hereby provide notice of their economic and non-economic claims for the wrongful death of their natural daughter, Kimberly Ervin as the result of the negligence and incompetence and gross negligence of the Plaintiff Wilson.

9. Finally, all of the Claimants hereby provide notice that they contest the right to exoneration from and/or of the right to limitation of liability of the Plaintiff Wilson, as set forth in the Limitation Complaint, as the occurrence was solely caused by the negligence, gross negligence and incompetence of the Plaintiff Wilson, thereby imparting privity and knowledge to him.

Respectfully submitted,

*/s/ Louis G. Close, III*

_____
Louis G. Close, III
403 Central Avenue
Towson, Maryland 21204
Federal Bar No. 23209
Phone: (410) 296-3606

Fax: (410) 296-0080
E-mail: lclose@lgclaw.net
*Attorney for Claimants Justin Ervin,
Robert Montgomery and Donna Montgomery*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22<u>nd</u> day of <u>February</u>, the foregoing Notice of Claims was submitted electronically via the Court's C M/ECF system and mailed via U.S. mail, postage pre-paid, to the following:

Robert P. O'Brien, Esquire
Bar No.: 00003
Niles Barton & Wilmer, LLP
111 S. Calvert Street
Suite 1400
Baltimore, MD 21202
(410) 783-6300
e-mail: rpobrien@nilesbarton.com
*Attorney for Bernard Kaminski and Timothy Wilson, Plaintiffs*

George Psoras, Esquire
Eric S. Lickstein, Esquire
Murtha, Psoras & Lanasa, LLC
Heaver Plaza
1301 York Road, Suite 200
Lutherville, Maryland 21093
(410) 583-6969
e-mail: eric@mpllawyers.com
*Attorneys forRobin Pruitt, Claimant*

T. Wray McCurdy, Esquire
101 Eastern Blvd.
Essex, Maryland 21221
(410) 686-2200
e-mail: wmccurdy@ix.netcom.com
*Attorney for Karl Langkam, Laura Langkam, and Jerry W. Lawson, Claimants*

*/s/ Louis G. Close, III*
_____
Louis G. Close, III