IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **BERNARD KAMINSKI** *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-15-3791 |
| **JUSTIN ERVIN** *et al.*, | * | |
| Claimants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiffs Bernard Kaminski and Timothy Wilson, as owners of a 34-foot Sea Ray Sundancer (the "Vessel"), filed a "Verified Complaint" seeking exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30501-30512. (ECF No. 1.) They alleged they were at all times mentioned in the complaint and currently the owners of the Vessel. (Compl. ¶ 2.) They also alleged that on July 26, 2015, the Vessel allided with a protective dolphin[1] "located at the main channel of the Key Bridge in Baltimore, Maryland"; passengers on board allegedly suffered injuries resulting in potential claims for personal injury and death, and Plaintiffs received notice from counsel for some of the passengers by letter dated August 12, 2015. (*Id.* ¶ 5.) They alleged the claims exceed Plaintiffs' interest in the Vessel. (*Id.* ¶ 7.) They then allege:

> The occurrence and any loss, damage, or injury resulting therefrom occurred without the privity or knowledge of the Plaintiffs and were not caused or contributed to by any fault or negligence on the part of the Vessel or those in charge of her, or of the Plaintiffs, or of anyone else for whose acts or omissions the Plaintiffs may be responsible.

(*Id.* ¶ 8.)

---

[1] Apparently, a concrete structure designed to protect the bridge itself from damage, according to the parties' briefing papers.

In response to the Court's order requiring proof of claims, several Claimants stepped forward. They have filed motions to dismiss and/or for partial summary judgment. (ECF Nos. 9, 10, 12, and 30.) The motions have been briefed (ECF Nos. 16, 17, 18, 19, 20, 25, 31, 32) and are ready for decision. No hearing is necessary. Local Rule 105.6 (D. Md. 2016.) Treating the motions as ones to dismiss for failure to state a claim, the motions will be granted and the case will be dismissed. Based on the Court's disposition of the motions to dismiss, Plaintiffs' motion for leave to file a surreply (ECF No. 23) is moot.

A shipowner may be entitled to limitation of liability for claims exceeding the value of the vessel if they arise from, *inter alia*, "any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner." 46 U.S.C. § 30505. Under section 30511(a), a vessel owner may bring a civil action in federal district court for limitation of liability if brought within six months after a claimant gives the owner written notice of a claim. Under section 30511(c), "[w]hen an action has been brought under this section and the owner has complied with subsection (b) [pertaining to creation of a fund for claimants], all claims and proceedings against the owner related to the matter in question shall cease."

The rule of procedure governing the filing of the complaint, including the necessary components of its composition, is Supplemental Rule F for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See* Supp. R. A(1)(A)(iv) (Supplemental Rules apply to actions for exoneration from or limitation of liability). According to Rule F(2), "[t]he complaint shall set forth the facts on the basis of which the right to limit liability is asserted . . . ." Rule A(2) further states, "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

In determining the sufficiency of a plaintiff's claim for limitation of liability, courts have applied a standard consistent with the standard applicable to Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In *In re Complaint of Ryan*, No. 11-80306-Civ-Hurley, 2011 U.S. Dist. LEXIS 41327 (S.D. Fla. Apr. 12, 2011), the court, without mentioning the *Twombly-Iqbal* standard,[2] faulted the complaint for stating legal conclusions as factual allegations, such as, the damage was "'done, occasioned and incurred without the privity or knowledge'" of the plaintiff; no facts were stated in the complaint to support his claim of absence of fault. *Id.* at *7. *See also M/V Sunshine II v. Beavin*, 808 F.2d 762, 763-64 (11th Cir. 1987) (noting plaintiff bears ultimate burden of proof as to absence or lack of privity or knowledge; finding complaint insufficient to comply with Rule F(2); citing admiralty treatise for proposition, "The faults of other parties and other vessels are [to be] alleged in detail as in the case of any collision libel or answer.").

Plaintiffs here rely upon bald, legal conclusions to state their claim, and that is insufficient for a complaint seeking limitation of liability. They have failed to "set forth the facts on the basis of which the right to limit liability is asserted." Rule F(2). Accordingly, their complaint will be dismissed by separate order. Plaintiffs' request for leave to file a surreply, addressed to issues other than the sufficiency of their complaint, is moot.

DATED this 25th day of July, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.